The opinion of the Court was delivered by
Mr. Justice Cheves.
It is a general rule of pleading, that in actions ° > ® of assumpsit, a consideration must be stated and proved. (1 Selwyn, 53.) This rule of pleading is founded on the principle of law, that a pro- * , ♦ -i ,* • • ¶ . /» mise without consideration gives no right oí action; consequently, if the pleadings allege a promise, without averring a consideration, they state a case which gives no action, and can authorize no judgment. In parol contracts the law will not imply a consideration; in such a case judgment must be given for the defendant on do* *340 murrer, and after verdict judgment will be arrested. To this rule there is one exception, the ease of promissory notes and bills of exchange; but these must always be. for the payment of money only. In the case before us, the declaration clearly cannot be sustained as a declaration on a promissory note within the staiuie; the note is not for the payment of money. It might be a question, on which, however, I give no opinion, whether, if there were an averment of consideration in the declaration, the words “ value received” would not afford sufficient proof of the consideration, and whether so much of the declaration as pleads the statute specially, might not be regarded as surplusage. But it is, in my opinion, decisive of the question, that there is no averment of consideration. The declaration does indeed contain the words “ value received,” but they occur only in the recital of the note, and can neither in form nor substance constitute this essential part of the plaintiff’s pleadings. The judgment of the District Court must therefore be reversed.
GrimJcé, Coleock, JYott, Gantt, and Johnson, J. concurred.